UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA SHEPHERD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | **3:15-cv-04026-G** |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | **(JURY)** |
| | § | |
| Defendant. | § | |

### DEFENDANT METROPOLITAN INSURANCE COMPANY OF TEXAS' MOTION TO COMPEL COMPLETE INTITAL DISCLOSURES FROM PLAINTIFF AND REQUEST FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 37, Defendant METROPOLITAN INSURANCE COMPANY OF TEXAS (hereinafter, "Defendant" or "Metropolitan") moves the Court to Compel Plaintiff PATRICIA SHEPHERD ("Shepherd") to supplement her Initial Disclosures with the information required by Rule 26(a)(1)(A). In support of this Motion, Defendant would respectfully show the Court the following:

### I. FACTS & BACKGROUND

This case is a dispute over the amount of any covered loss to the Plaintiff's property under a homeowners policy issued by Defendant Metropolitan due to a wind and hail storm which allegedly struck the area on or about May 10, 2015. Plaintiff filed her Original Petition in

state court on November 16, 2015. Metropolitan filed its Answer in state court on December 10, 2015 and removed this case to federal court on December 21, 2015.

On January 22, 2016, Shepherd served Initial Disclosures that are incomplete, evasive, and otherwise fail to provide the information required by Rule 26(a)(1)(A). Specifically, Shephard failed to: (1) identify the address and telephone number of a contractor or engineer that completed an estimate for the alleged damage to her home; (2) provide a "copy--or a description by category or location"--of any estimate to repair the alleged damage to her home that has been prepared on her behalf; and (3) provide a computation of each category of damages, or any documents on which such computation is based. *See Exhibit A*, which is a true and correct copy of Shepherd's Initial Disclosures. Defendant's counsel sent Shepherd's counsel correspondence on January 26, 2016 and February 18, 2016 in an attempt to correct these deficiencies. *See Exhibits B & C*. Shepherd's counsel failed to respond. The Court should compel Shepherd to produce this basic information.

## II. ARGUMENT & AUTHORITIES

Federal Rule of Civil Procedure 26(a) sets forth the "Required Disclosures" that must be provided by all parties to a lawsuit. See Fed. R. Civ. P. 26(a). Specifically, Rule 26(a)(1)(A) requires parties, without awaiting a discovery request, to provide, among other things: (1) the names of individuals likely to have discoverable information; (2) documents or categories of documents in its possession, custody, or control that may be used to support its claims or defenses; and (3) a computation of each category of damages claimed. Fed. R. Civ. P. 26(a)(1)(A). As the Advisory Committee Notes to the 1993 Amendments to Rule 26 state, Rule 26(a)(1)(C), the predecessor of Rule 26(a)(1)(A)(iii), "imposes a burden of disclosure that

includes the functional equivalent of a standing Request for Production under Rule 34." Under that rule, Shepherd is required to provide an explanation of the basis for her alleged damages, as well as a specific computation of those damages. As one court has explained:

> [T]he plaintiff should provide more than a lump sum statement of the damages allegedly sustained. . . . To make the disclosure meaningful, a more detailed specification of damages is apparently required: For example in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for general damages (pain, suffering or disfigurement) as well as special damages (medical bills, lost wages, cost of repairing damaged property, etc.) . . .Moreover, the computation of damages as required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rates.

*City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (internal quotation marks omitted); see also *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) ("[D]efendant is entitled to a specific computation of plaintiff's damages, and is entitled to have made available for inspection and copying the documents . . . on which such computation is based."). In addition to failing to produce all relevant, responsive documents, Shepherd failed to disclose a computation of her damages as required by Rule 26. Accordingly, the Court should compel Shepherd to supplement her Initial Disclosures, and specifically disclose the full computation of her alleged damages.

Rule 26(a)(1)(E) provides that "[a] party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case." *Memry Corp. v. Kentucky Oil Tech.*, No. C04-03843 RMW (HRL), 2007 WL 39373, at *5 (N.D. Cal. Jan. 4, 2007) (quoting Fed. R. Civ. P. 26(a)(1)(E)). Plaintiff maintains that providing any such estimate is privileged pursuant to Rule 26(b)(4). Despite this assertion, Plaintiff has quantified her damages on at least

two separate occasions. Plaintiff's original petition sought damages "over $100,000 but not more than $200,000." Plaintiff also made a substantial settlement demand on November 15, 2015 and is claiming in disclosures actual damages in the amount of $52,206.59. *See Exhibits A & D.* Presumably, Plaintiff had some basis for making these demands. Rule 26 obligates Plaintiff to disclose to Defendants her method for calculating the foregoing demands and identify all documents supporting each calculation, regardless of whether she has completed her investigation of this case. Also, Rule 1 states the Federal Rules of Civil Procedure should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. Furthermore, counsel is aware of at least one court's position on the assertion that such production is privileged. *See Exhibit C.* During that conference the Honorable Judge Ron Clark also referenced Federal Rule of Civil Procedure 1, which deals with the just, speedy, and inexpensive determination of every action and proceeding, along with Rule 26 dealing with sanctions. Because Plaintiff has repeatedly failed to do so, the Court should grant Defendants' Motion to Compel.

As stated herein, Plaintiff contends that the information Defendant seeks is protected by the consulting-only expert privilege. *See Exhibit E.* This argument should be rejected for two reasons. First, Defendant only seeks basic, non-privileged information it is entitled to under Rule 26(a)(1)(A). Defendant does not seek the identity or mental impressions of Plaintiff's consulting-only experts. Rather, Defendant only wants documents and information that support all of Plaintiff's damages as well as a specific computation of those damages. See *Asset Funding Group, LLC v. Adams & Reese, LLP*, No. 07-02965, 2008 WL 927937, at *8-9 (E.D. La. Apr. 4, 2008) (noting that a party must provide "a clear summary of its damages," including a computation of each category of damages claimed, both as part of its initial disclosures and in

DEFENDANT METROPOLITAN INSURANCE COMPANY OF TEXAS' MOTION TO COMPEL COMPLETE INTITAL DISCLOSURES FROM PLAINTIFF – PAGE 4

response to written discovery requesting such a summary); see also *Use Techmo Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 4169487, at *3-4 (N.D. Cal. Nov. 20, 2007) (holding that plaintiff's failure to disclose its calculation of damages entitled defendant to summary judgment).

Assuming Plaintiff's argument only pertains to her claims for property damages, it does not, and cannot, apply to her claim for attorney's fees or mental anguish damages. *Consolidated Health Plans, Inc. v. Principal Performance Group, Inc.*, No. 02-1230, 2003 WL 21406181, at *3 (E.D. La. June 16, 2003) (attorney fee information is relevant and discoverable when a claim for attorney's fees is made); *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex. App.--Amarillo, writ ref'd n.r.e.) (noting that "the attorney-client privilege does not encompass non-confidential matters such as the terms and conditions of an attorney's employment, the purpose for which an attorney has been engaged, or any other external trappings of the relationship between the parties.").

The Court is empowered to issue sanctions, even without a hearing under Rule 37(d). Counsel has expended approximately $720.00 enforcing compliance and further expects to expend additional amounts if this matter requires an evidentiary hearing.

### III. CONCLUSION

In summary, Plaintiff has failed to provide Defendant with complete initial disclosures regarding any of her damage claims. Defendant's Motion is not premature and does not seek information protected by the consulting-only privilege. Accordingly, Defendant's Motion to Compel should be granted. The Defendant is entitled to an order compelling complete initial

disclosures regarding any of her damage claims and awarding sanctions in the amount of the reasonable attorney's fees incurred in attempting to force compliance.

Respectfully submitted,

STACY & CONDER, LLP

/s/ - Dennis D. Conder
By: Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned spoke to counsel for Plaintiff, Patricia Shepherd, on March 8, 2016, regarding this motion. Plaintiff's counsel is opposed to this motion. Therefore, this matter is presented to the court for determination.

/s/ - Dennis D. Conder
Dennis D. Conder

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of March, 2016, a copy of the foregoing was delivered pursuant to the Federal Rules of Civil Procedure on all counsel of record.

>       */s/ - Dennis D. Conder*
> Dennis D. Conder

DEFENDANT METROPOLITAN INSURANCE COMPANY OF TEXAS' MOTION TO COMPEL COMPLETE
INTITAL DISCLOSURES FROM PLAINTIFF – PAGE 7